UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 3:13-cv-636 |
| THE ESTATE OF WILLIE A. RAMSEY, by and through QUENTIN RAMSEY, as Executor of the Estate of Willie A. Ramsey, WILLIAM RAMSEY, and LOUDON FUNERAL HOMES, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT, WILLIAM RAMSEY TO INTERPLEADER COMPLAINT

Comes now the Defendant, William Ramsey, by and through counsel, and for response to the Complaint in interpleader filed by the Plaintiff, New York Life Insurance and Annuity Corporation ("Company"), states as follows:

### PARTIES

1. The allegations contained in paragraph 1 of the Complaint concerning the status of, and the authorization to do business in the State of Tennessee by the Plaintiff, are admitted.

2. The residence of the Annuitant/decedent, Willie A. Ramsey, at the time of her death, is admitted.

3. It is admitted that the named Defendant, Quentin R. Ramsey, is a surviving adult child of the Annuitant, however, is without sufficient information or knowledge to either admit or deny that Quentin R. Ramsey has been properly and duly appointed as the Executor of the Estate of Willie A. Ramsey, and strict proof of all such allegations is herewith demanded. It is admitted that Quentin R. Ramsey is a resident of Vonore, Tennessee.

4. The allegations of paragraph 4 of the Complaint pertaining to the Defendant, William Ramsey, are admitted.

5. To the extent that the Defendant, William Ramsey, has knowledge, it is admitted that Loudon Funeral Home, Inc., is the corporation with its principal place of business located in Loudon, Tennessee.

## JURISDICTION AND VENUE

6. The jurisdictional diversity of citizenship, and the amount in controversy allegations contained in paragraph 6 of the Complaint, are admitted by this Defendant.

7. The venue allegations contained in paragraph 7 of the Complaint are admitted, insofar as this Defendant is concerned.

## CAUSE OF ACTION IN INTERPLEADER

8. It is admitted by the Defendant, William Ramsey, that on October 5, 2005, the Plaintiff issued a fixed annuity policy (No. 52 104 764), to the Annuitant and to this Defendant, as joint owners of the annuity policy.

9. It is admitted that the original application dated September 8, 2005, signed by the Annuitant and this Defendant as co-applicants to the policy, designated the Estate of Willie A. Ramsey as sole primary beneficiary to the policy. It is further admitted that a true and correct copy of the application dated September 8, 2005, is attached as Exhibit A. This Defendant would further show to the Court that the beneficiary was changed by the Plaintiff by later endorsement to that of William Ramsey, as the "surviving co-owner" of the annuity policy (*see,* Exhibits B and C attached to Complaint).

10. This Defendant admits that the Plaintiff wrote to the Annuitant and this Defendant, as joint owners of the policy, by letter dated December 10, 2012, advising that the Company would update the policy's beneficiary to "surviving owner" if no response was made to such letter by the co-owners.

11. This Defendant admits that no response was made to the letter of December 10, 2012 (Exhibit B attached to the Complaint) by either the Annuitant or this Defendant, as the co-owners of the annuity policy.

12. The allegations of paragraph 12 of the Complaint are admitted, insofar as the letter of January 14, 2013, was forwarded to the Annuitant, Ms. Willie A. Ramsey, by the Company (Exhibit C attached to the Complaint) in which letter the beneficiary of the policy was changed to the "surviving owner," however, this Defendant would show to the Court that he did not receive a copy of such letter (Exhibit C attached to the Complaint) that was addressed and mailed to the Annuitant alone.

13. This Defendant has no knowledge or information concerning the letter of January 17, 2013 wherein the Annuitant seemed to have expressed dissatisfaction with the change of beneficiary to the "surviving owner," however, it is acknowledged that apparently such letter was written by the Annuitant prior to her death and a copy of which is attached as Exhibit D to the Complaint. This Defendant would show that he was unaware of such letter, or the fact that same had been written, and that he did not write any similar letter or any letter as the "joint owner" of the policy, contesting the change of the beneficiary by Company to the "surviving owner."

14. For response to the allegations of paragraph 14 of the Complaint, this Defendant, William Ramsey, states that he has no knowledge of the letter dated February 7, 2013, issued by the Company to the Annuitant <u>alone</u> that the policy's beneficiary had been changed back to the Estate, and certainly did not agree to such change of beneficiary by the Company, as the **joint owner** of the annuity policy.

15. It is admitted that the Annuitant died on July 28, 2013. It is further admitted that a copy of the death certificate is attached to the Complaint as Exhibit F.

16. It is admitted that as a result of the death of the Annuitant, the policy death benefits in the amount shown in paragraph 16 of the Complaint became payable to the appropriate beneficiary.

17. The allegations and Exhibit G concerning the letter of August 7, 2013, written by counsel for Defendant, William Ramsey, are admitted.

-4-

18. This Defendant had no knowledge that the Probate County in Loudon County, had, in fact, issued Letters of Testamentary to the Defendant, Quentin Ramsey, and would further show to the Court that neither this Defendant nor other brothers have received, aside from the Complaint of Interpleader filed, a copy of the Letters of Testamentary, or of the Will of the deceased Annuitant apparently submitted by the Defendant, Quentin Ramsey.

19. This Defendant has no knowledge or information concerning the allegations of paragraph 19 of the Complaint involving the proposed assignment of a portion of the death benefits for payment to Loudon Funeral Home for services rendered in connection with the death of the Annuitant. This Defendant would show that he did not sign such assignment, and if he is the appropriate beneficiary of the death benefits of the annuity policy, such assignment signed by Quentin Ramsey as the Executor of the Estate is **invalid**.

20. This Defendant has no knowledge or information concerning the individual claim form executed and filed by Quentin Ramsey as the Executor of the Estate (Exhibit J attached to the Complaint), however, this Defendant does acknowledge that such claim presents a possibility of dual liability on the part of the Plaintiff for payment of death benefits under the policy, and, thus, the Complaint for Interpleader is the appropriate relief sought by the Company.

21. This Defendant does not dispute the allegations of potential exposure to multiple liabilities asserted by the Company in paragraph 21 of the Complaint under the factual circumstances presented.

22. For response to the allegations of paragraph 22 of the Complaint, this Defendant would show to the Court that the interpleader relief sought by the Company is appropriate, and that an Order should enter allowing the Plaintiff to pay **death benefits** provided by the policy into the Court for further determination as to the appropriate beneficiary of same.

23. This Defendant admits the allegations of paragraph 23 of the Complaint, except for the request for costs and attorney's fees, and would show to the Court that such requested attorney's fees and costs asserted by the Plaintiff would be inappropriate under the circumstances of this case. This Defendant does agree that the death benefits should be paid into the registry of the Court, and the Court further determine, upon hearing, the proper beneficiary of the death benefits of the subject policy.

24. This Defendant has no dispute with the request of the Company that it be allowed to deposit into the Court registry the death benefits, plus accumulated interest, for further disbursement in accordance with the judgment of the Court.

25. This Defendant has no dispute with the allegations of the Company set forth in paragraph 25 of the Complaint.

WHEREFORE, having fully answered the Complaint in Interpleader of the Plaintiff, affirmatively prays as follows:

(a) That the Company be required to file a certified true copy of the annuity policy and declaration page which is the subject of this Complaint in Interpleader, since the determination of the appropriate beneficiary is

primarily based upon the policy language, as well as the substantive law of the State of Tennessee;

(b) That the Company be allowed to deposit the amount of the death benefits, plus accrued interest, if any, into the Court's registry, to be subject to the further determination by Order of this Court as to the appropriate beneficiary of the death benefits under the subject policy;

(c) That upon the further filing of a Rule 12 Motion by the Defendant, William Ramsey, and upon hearing of same, that the Defendant, William Ramsey, be determined to be the sole beneficiary of the death benefits set forth in the subject annuity policy;

(d) That further, if appropriate and in consideration of a Rule 56 Motion for Summary Judgment, and the undisputed facts as shown by the pleadings and the policy, that this Defendant, William Ramsey, be declared as the sole beneficiary of the death benefits of the subject annuity policy; and,

(e) That upon further hearing and determination by the Court that the Defendant, William Ramsey, is the appropriate beneficiary, that his attorney's fees and costs of this litigation be paid out of the funds deposited in the registry of the Court;

(g) That the Defendant, William Ramsey, be awarded any other and further relief that the Court deems just and proper.

Respectfully submitted this \_\_\_6\_\_\_ day of November, 2013.

                                                   */s/ Robert W. Knolton*
                                      ROBERT W. KNOLTON (BPR # 002564)
                                      Attorney for Defendant, William Ramsey

**Kramer Rayson LLP**
105 Donner Drive, Suite A
P. O. Box 4459
Oak Ridge, TN 37831-4459

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served upon all counsel of interest in this cause by delivering a true and exact copy to the offices of counsel of record shown at the addresses below or by placing a copy in the United States Mail, postage prepaid.

        David L. Johnson, Esq.
        The Pinnacle at Symphony Place
        150 3rd Avenue South, Suite 1600
        Nashville, TN 37201

        Mr. Quentin Ramsey
        Executor, Estate of Willie A. Ramsey
        1420 Sunshine Private Lane
        Vonore, TN 37885

        Loudon Funeral Home, Inc.
        P. O. Box 242
        Loudon, TN 37774

This \_\_\_6\_\_\_ day of November, 2013.

                                                   */s/ Robert W. Knolton*
                                      ROBERT W. KNOLTON