UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.:  3:13-cv-636 |
| THE ESTATE OF WILLIE A. RAMSEY, by and through QUENTIN RAMSEY, as Executor of the Estate of Willie A. Ramsey, WILLIAM RAMSEY, and LOUDON FUNERAL HOMES, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### STATEMENT OF UNDISPUTED MATERIAL FACTS
### OF DEFENDANT, WILLIAM RAMSEY

Comes now the Defendant, William Ramsey, by and through counsel, and files this, his Statement of Undisputed Material Facts in support of the motion for summary judgment in his favor, declaring him to be the beneficiary under the New York Life Insurance Policy which is the subject of this interpleader action, such statement being filed with the court pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure.

1.     This interpleader action was filed by New York Life Insurance and Annuity Corporation on October 21, 2013, seeking to have this court declare the appropriate and lawful beneficiary of the death benefits of the annuity policy issued, there being two (2) claims filed with New York Life, wherein each claim to be the lawful beneficiary.

REFERENCE:  Interpleader Complaint.

2. An Agreed Order was entered with the court on March 6, 2014, allowing the Plaintiff to have this action declared as appropriate for interpleader, and New York Life to pay in partial distribution of the proceeds, the funeral expenses claimed by Loudon Funeral Home; the remainder of the death benefits were to be paid into the registry of the court, and New York Life allowed to be dismissed as a party to this Interpleader litigation. That the remaining parties, *i.e.*, the Estate of Willie A. Ramsey and William Ramsey, each claim to be the lawful beneficiary of such death benefits.

REFERENCE: Agreed Order of partial distribution filed March 6, 2014 (copy attached).

Generally, the following Statements of Undisputed Material Facts are presented in a chronological fashion, with appropriate references to the pleadings and exhibits filed with the court:

3. New York Life Insurance and Annuity Corporation issued a fixed annuity policy on October 5, 2005, to Willie A. Ramsey as the annuitant, with the annuitant and William Ramsey, her son, being the **joint owners** of the policy.

REFERENCE: New York Life policy No.: 52 104 764 (copy filed with court).

4. The issuance of the aforesaid policy was pursuant to the application for same dated September 8, 2005, wherein the annuitant and William Ramsey were **co-applicants** and **co-owners**, and with the original beneficiary to the death benefits provided designated to be the Estate of Willie A. Ramsey.

REFERENCE: Ex. A to Interpleader Complaint (copy attached to this statement).

5. New York Life, by letter dated December 10, 2012 to both the annuitant and William Ramsey as **joint owners** of the policy, stated that an estate may not be the beneficiary under the policy, and unless the **joint owners** designated a new beneficiary under the policy within 30 days, the company would update the policy's beneficiary to be the "**surviving owner**."

REFERENCE: Ex. B to Interpleader Complaint (copy attached to this statement).

6. That neither the annuitant nor the joint owner, William Ramsey, filed any response to the letter of December 10, 2012, and by letter issued by New York Life on January 14, 2013, New York Life sent confirmation of the change of beneficiary to the "**surviving owner**."

REFERENCE: Interpleader Complaint, paragraph # 11; Answer of William Ramsey, para. #11; and Answer of Estate, paras. #10, 11.

7. By letter dated January 14, 2013, New York Life, advised the annuitant that the beneficiary had been changed to "**surviving owner, Primary - 100%**."

REFERENCE: Ex. C. to Interpleader Complaint (copy attached to this statement.)

8. Thereafter, New York Life received a letter dated January 17, 2013, wherein the **annuitant** expressed her dissatisfaction with the change of beneficiary designated, and requested that the policy beneficiary remain her estate.

REFERENCE: Ex. D. to Interpleader Complaint (copy attached to this statement.)

9. By letter dated February 7, 2013, the company informed the annuitant <u>alone</u> that the policy's beneficiary had been changed back to the estate, the original designation of beneficiary found on the September 8, 2005, application. William Ramsey, as the **joint owner**, was not sent a copy of this letter.

<u>REFERENCE</u>: **Ex. E. to Interpleader Complaint (copy attached to this statement).**

10. The annuitant Willie A. Ramsey died on July 28, 2013.

<u>REFERENCE</u>: **Ex. F. to Interpleader Complaint (Death Certificate - copy attached to this statement).**

11. After the death of the annuitant, the attorney for the Defendant, William Ramsey, by letter of August 7, 2013, advised New York Life of the claim of William Ramsey as the beneficiary of the estate, and specifically referred to the letter of New York Life dated December 10, 2012, to both the annuitant and Mr. Ramsey.

<u>REFERENCE</u>: **Ex. G. to Interpleader Complaint (copy attached to this statement).**

12. The claim of the Estate of Willie A. Ramsey to be the lawful beneficiary is made through the court appointed Personal Representative of the deceased annuitant to New York Life.

<u>REFERENCE</u>: **Exs. H, I and J, Interpleader Complaint (copies attached to this statement).**

13. Under the terms of the New York Life policy, the entire contract consists of the policy, any attached riders and endorsements, and a copy of the application.

REFERENCE: New York Life Annuity Policy, #52-104 764, Section 6.1 (filed with the court).

14. William Ramsey was a **joint owner** of the policy, and under the definitions of the policy, when New York Life issues a jointly owned policy, ownership rights and privileges under this policy must be exercised **jointly**.

REFERENCE: New York Life Annuity Policy, #52-104 764, Definitions -- "Owner." *See also,* Items 2.1, 2.2, and 2.3 (copy of policy filed with court).

15. A beneficiary may be changed by the **owner(s)** in a formal signed notice, which is satisfactory to the company.

REFERENCE: New York Life Annuity Policy, #52-104 764, Section 2.5 (copy filed with court).

16. William Ramsey was a **joint-owner** of the policy issued, never took any steps, either written or oral, to change such ownership, or otherwise to change the designation of beneficiary to be the **surviving owner** under the policy, and is, in fact, the **surviving owner** under the policy.

REFERENCE: See above exhibits cited.

Respectfully submitted this 24th day of December, 2014.

                                          /s/ Robert W. Knolton
                                          ROBERT W. KNOLTON (BPR # 002564)
                                          Attorney for Defendant, William Ramsey

**Kramer Rayson LLP**
105 Donner Drive, Suite A
P. O. Box 4459
Oak Ridge, TN  37831-4459
(865) 220-5134
rwknolton@kramer-rayson.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document has been served upon all counsel of interest in this cause by delivering a true and exact copy to the offices of counsel of record shown by electronic mail and/or by placing a copy in the United States Mail, postage prepaid.

    Kristopher D. Frye, Esq.
    Ford & Nichols
    P. O. Box 905
    Loudon, TN 37774
    kfrye@ford-nichols.com

  This 24th day of December, 2014.

      /s/ Robert W. Knolton
      ROBERT W. KNOLTON