UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

New York Life Insurance and )
Annuity Corporation, )
 )
      *Plaintiff*, )
 )
v. ) No.: 3:13-CV-636-PLR-CCS
 )
The Estate of Willie A. Ramsey, )
by and through Quentin Ramsey, as )
Executor, William Ramsey, and )
Loudon Funeral Homes, Inc., )
 )
      *Defendants*. )

## MEMORANDUM OPINION

In this interpleader action, William Ramsey and the estate of Willie A. Ramsey dispute who is entitled to the death benefits from Willie Ramsey's annuity policy. After Willie Ramsey passed away, New York Life identified competing claims for her death benefits, so it brought this interpleader action and deposited the proceeds with the Court. The parties have filed cross motions for summary judgment, each claiming to be the rightful beneficiary under the policy. For the reasons discussed below, Mr. Ramsey's motion for summary judgment will be denied and the estate's motion for summary judgment will be granted.

i.

While the parties disagree on a small number of minor facts, none of the relevant material facts are in dispute. In 2005, New York Life issued an annuity policy to Willie A. Ramsey, the annuitant, and her son William Ramsey as joint-owners. William and Willie filled out the application as co-applicants and co-owners. In the application, the estate of Willie Ramsey was designated as the sole primary beneficiary to the policy. They each signed the application.

Under the terms of the policy, ownership rights and privileges must be exercised jointly. Accordingly, a change to the designated beneficiary would require both parties' consent.

Several years after the policy was issued, New York Life notified Willie and William, as joint-owners, that the estate of Willie A. Ramsey could not be the beneficiary under the jointly-owned contract "because we cannot determine whose estate will take precedence in the event of a death of either or both owners." Accordingly, New York Life informed them that it would update the primary beneficiary under the policy to "surviving owner" unless both owners completed and signed a provided form within 30 days. When 30 days elapsed without response, New York Life sent a letter stating that it had changed its records to indicate the new beneficiary designation of "surviving owner."

Willie Ramsey wrote New York Life a few days later, stating that she "reject[s] the decision . . . to make the changes of my beneficiary to the co-owner." Willie demanded that New York Life change the beneficiary back to her estate. William Ramsey was not copied on this letter. New York Life acquiesced to Willie's demand, and updated its records to designate the estate of Willie Ramsey as the primary beneficiary. Willie Ramsey passed away about five months later. William Ramsey and the executory of the estate each filed claims with New York Life, claiming to be the legal beneficiary under the policy.

ii.

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer,* 301 F.3d 937, 942 (6th Cir. 2002). Courts may not resolve genuine disputes of fact in favor of the movant. *Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014) (vacating lower court's grant of summary judgment for "fail[ing to] adhere to the axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor") (internal quotations and citations omitted).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

iii.

There are two change-of-beneficiary designations at issue in this case. First, the Court considers whether New York Life's decision to change the beneficiary from Willie Ramsey's estate to the surviving owner was valid. If it was an invalid change, then the estate is the proper beneficiary, and the Court's inquiry is at an end. On the other hand, if it was a valid change, the Court must consider whether Willie Ramsey's subsequent, unilateral demand that New York Life re-designate her estate as the beneficiary was effective or not.

Under Tennessee law, the interpretation of a contract "is a matter of law to be determined by the court." *Capitol Indemnity Corp. v. Braxton*, 24 F. App'x 434, 439 (6th Cir. 2001) (citing

3

*Davidson Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 136 F.Supp.2d 901, 905 (W.D. Tenn. 2001) (applying Tennessee law)). A party to a contract cannot modify the existing contract unilaterally; and, "a modification of an existing contract cannot arise from an ambiguous course of dealing between the parties from which diverse inferences might reasonably be drawn as to whether the contract remained in its original form or was changed." *Balderacchi v. Ruth*, 36 Tenn. App. 421, 424-25 (Tenn. Ct. App. 1952). New York Life's attempt to change the beneficiary designation amounted to a unilateral attempt to modify an essential term of the original contract. It did so without requiring the affirmative response of the owners.

Nothing in the policy gave New York Life the authority to change the designated beneficiary. The reason New York Life gave for making the change—because "we cannot determine whose estate will take precedence in the event of a death of either or both owners"—is nonsense. There would never be any question of whose estate would take precedence. The only estate designated under the policy was that of Willie A. Ramsey. Neither William Ramsey nor William Ramsey's estate ever stood to be a beneficiary under the policy, so it was impossible for any ambiguity to exist as to whose estate would take precedence.

iv.

Because New York Life's attempted modification to the annuity agreement, changing the beneficiary from Willie Ramsey's estate to "surviving owner," was not authorized by the terms of the contract, Willie Ramsey's estate is the proper beneficiary under the policy. Accordingly, there is no need to enquire into the effectiveness of Willie Ramsey's subsequent demand that her estate be restored as the beneficiary. William Ramsey's motion for summary judgment [R. 21] is **Denied**; and the estate's motion for summary judgment [R. 34] is **Granted**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**